**UNITED STATES COURT OF APPEALS**

**April 28, 2016**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

REGINALD A. LANCASTER,

    Defendant - Appellant.

No. 16-6021
(D.C. Nos. 5:13-CV-00974-D &
5:10-CR-00072-D-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

After a jury found him guilty of various federal drug charges and his appeal

to this court proved unsuccessful, Reginald Lancaster filed a motion under 28

U.S.C. § 2255 seeking collateral relief. The district court denied his motion and

his request for a certificate of appealability (COA). Now Mr. Lancaster seeks a

COA from this court so he might appeal the district court's adverse ruling.

We may grant a request for a COA only if the petitioner first makes a

"substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2253(c)(2). That means he must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Mr. Lancaster's petition does not satisfy this standard. Before this court, he argues that his trial counsel was ineffective for failing to raise a *Booker* objection to judicial fact-finding at sentencing and for failing to impeach a witness effectively. But he didn't pursue his judicial fact-finding argument in the district court first and did not cite to *Booker* or any related case. Neither did he allege that his trial counsel had ineffectively impeached a government witness. And we cannot say in this case that the district court erred by failing to consider arguments not properly put to it in the first instance. "The well-settled law of this circuit is that issues not raised in district court may not be raised for the first time on appeal." *United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004).

Mr. Lancaster's application for a COA and his motion to proceed *in forma pauperis* are denied and the appeal is dismissed. Mr. Lancaster is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

-2-